DREW, Justice.
Petitioner, claimant below, seeks review of an order of the full commission affirming an award of the deputy commissioner which allowed the claimant compensation for temporary total disability from October 22, 1956 through September 1, 1957 but denied the claim for additional compensation beyond that awarded on the ground that claimant’s subsequent disability, if any, arose out of a personal altercation in which he was struck over the head by a pipe or the excessive and long continued use of alcohol or both or for other reasons unrelated to his employment or to the accident in question. In its order affirming the award of the deputy commissioner, the full commission merely recited, that upon an examination of the record, it concluded that, the award was supported by competent, substantial evidence and affirmed the same upon the authority of United States Casualty Co. v. Maryland Casualty Co., Fla. 1951, 55 So.2d 741.
While not cited in the briefs of either party, at the oral argument in this cause petitioner leaned heavily upon Andrews v. C. B. S. Division, etc., Fla.1960, 118 So. 2d 206, with reference to the conflicting medical testimony of the doctors for the employer and the employee. In approving the action of the full commission and the deputy commissioner and in concluding, as the full commission did, that there was competent, substantial evidence to support the findings of the deputy commissioner, we deem it appropriate to point out that the seventeen separate findings of the deputy commissioner in this case and his discussion and analysis of the conflicting testimony of the physicians was thorough and complete in all respects. In the Andrews case the deputy accepted the testimony of three of six doctors as being determinative of the main issue in that case without discussing his reasons for the rejection of the testimony of the three other obviously competent and qualified physicians or the other evidence in the cause before him in connection with such conflicting medical evidence. The findings and order of the deputy commissioner in this case are not affected by any of the deficiencies pointed out in the Andrews case. Here the deputy commissioner carefully points out the personal altercation of the claimant at a date subsequent to the date of the industrial accident at which he was struck over the head with a pipe (a fact not given the doctors in his case history), the excessive use of alcohol by the claimant over a long period of time and the fact that medical testimony, without contradiction, was to the effect that such excessive use of alcohol would result in symptoms similar to those testified to by the physicians as occurring from the industrial accident. He also stated that he had grave doubts as to the credibility of the claimant; that considering and weighing all of such evidence with the testimony of all the testifying physicians, he had *35 •reconciled the same and reached the conclusion he did. The deputy commissioner has done in this case exactly what we said he should have done in Andrews v, C. B. S. Division, etc. in order for an appellate tribunal to properly review the validity of his actions and conclusions.
Certiorari denied.
THOMAS, C. J., and TERRELL, THORNAL and O’CONNELL, JJ., concur.